UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON JONES,

    **Plaintiff,**

    v.

CHIEF INSPECTOR
GARY R. CROFT, et al.,

    **Defendants.**

Case No. 2:12-cv-0545
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terence P. Kemp**

## OPINION & ORDER

This matter is before the Court for consideration of the Magistrate Judge's November 13, 2013 Order and Report and Recommendation (ECF No. 32) and Plaintiff's Objections thereto (ECF No. 40). For the reasons that follow, the Court **OVERRULES** the Objections and **ADOPTS** the Magistrate Judge's November 13, 2012 Order and Report and Recommendation.

### I. BACKGROUND

Plaintiff Jason Jones is an inmate in the custody of the Ohio Department of Rehabilitation and Correction. This action is one of three actions in which Plaintiff asserts that various prison officials and inmates conspired to intimidate and harm him.

The facts underlying the present action stem from a Notification of Grievance that Plaintiff filed on June 13, 2011 with Chief Inspector Gary R. Croft ("Grievance"). In the Grievance, Plaintiff informed Defendant Croft that he (Plaintiff) was at risk of suffering physical harm. Plaintiff asked for a transfer to resolve the situation.

Defendant Croft denied the Grievance. Plaintiff then brought the present action, alleging

1

that Defendant Croft acted with deliberate indifference to Plaintiff's safety by delaying his response to the Grievance, denying the Grievance, and failing to take action to ensure Plaintiff's safety. Plaintiff also alleges that Defendant Whitten refused to make blank grievance forms available to him and failed to ensure his safety after being made aware of the conduct described in the Grievance.

Defendants moved for summary judgment on all of Plaintiff's claims. In their motion, Defendants invoke Eleventh Amendment sovereign immunity and argue that they are immune from liability in this case. Defendants also argue that this Court lacks subject matter jurisdiction over this action.

The Magistrate Judge reviewed the parties' briefs and, on November 13, 2013, issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment. Specifically, the Magistrate Judge found that: (1) to the extent Plaintiff asserted "official capacity" claims against the Defendants, such claims are barred by the Eleventh Amendment; and (2) Plaintiff's "individual capacity" claims against the Defendants are barred both by qualified immunity and Plaintiff's failure to provide verifiable evidence of a constitutional violation. (ECF No. 32, at 4-12.) The Magistrate Judge's Report and Recommendation also advised the parties that they had fourteen days to file and serve written objections to the specific proposed findings or recommendations to which they object. (ECF No. 32, at 13.) Finally, the R&R advised the parties that their failure to object within fourteen days would "result in a waiver of the right to have the district judge review the Report and Recommendation de novo" and "a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation." (Id.)

On November 27, 2013, Plaintiff requested an extension until December 27, 2013 to file his objections to the R&R. (ECF No. 34). The Court granted Plaintiff's request, but declined to afford him the full 30-day extension he sought. Instead, the Court ordered Plaintiff to file his objections to the R&R on or before December 19, 2013. (ECF No. 36.) Plaintiff requested an additional extension to file his objections, but the Court denied his request. (ECF No. 37; ECF No. 38). As such, December 19, 2013 remained the deadline by which Plaintiff had to file his objections to the R&R.

Plaintiff filed objections to the R&R on January 2, 2014. (ECF No. 40.) Defendants indicated that they did not intend to file a response. (ECF No. 42.) This matter is now ripe for the Court's review.

## II. ANALYSIS

### A. Standard of Review

When the Court receives objections to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also Ridenour v. Collins*, 692 F. Supp. 2d 827, 829 (S.D. Ohio 2010).

In this case, the Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

Court may therefore grant a motion for summary judgment "if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Muncie Power Prods., Inc. v. United Techs. Auto., Inc*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

### B. Timeliness

The Court first addresses the fact that Plaintiff failed to timely object to the R&R. In general, a plaintiff's failure to timely object to a magistrate judge's report and recommendation operates as a waiver of that party's right to object. *See Bosley v. 21 WFMJ Television, Inc*., 245 F. App'x 445, 450 (6th Cir. 2007); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Jones v. Warden*, No. 2:11-cv-0871, 2013 U.S. Dist. LEXIS 169658, at *5-6 (S.D. Ohio Dec. 2, 2013); *Teare v. Independence Local Sch. Dist. Bd. Of Educ*., No. 1:10-cv-1711, 2011 US. Dist. LEXIS 113185, at *2 (N.D. Ohio Sept. 30, 2011). The court may excuse noncompliance in the interests of justice; however, it is not required to do so. *See Bosley*, 245 F. App'x 445.

Plaintiff failed to file objections on or before the Court's deadline of December 19, 2013. As a result, the Court is not required to consider Plaintiff's objections or conduct a de novo

review of the R&R.  *Bosley*, 245 F. App'x at 450; *Jones*, 2013 U.S. Dist. LEXIS 169658, at *5-6.

Moreover, Plaintiff has not given any reason that would justify his late filing.  Plaintiff acknowledged his untimeliness in a letter to the Court, in which he raised the same issues that he raised in his second request for an extension of time.  (ECF No. 37, 39.)  But the Court denied that second request, finding no compelling reasons that would justify an extension.  (ECF No. 38.)  Accordingly, the "interests of justice" do not support granting Plaintiff a retroactive extension of time in which to file his objections to the R&R.

### C. Analysis of the R&R

Notwithstanding the deficiencies in Plaintiff's objections, the Court has reviewed the R&R and finds no error in the Magistrate Judge's reasoning.  Plaintiff does not identify any specific objection that warrants a modification of the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 40), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 32), and **GRANTS** Defendants' motion for summary judgment (ECF No. 20).  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**